1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

STACEY ELIZABETH HEATHCOTE,

Plaintiff,

v.

SAFEWAY, INC., et al.,

Defendants.

Case No. C21-499RSM

ORDER DENYING PLAINTIFF'S
MOTION FOR REMAND

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   This matter comes before the Court on Plaintiff Heathcote's Motion for Remand.  Dkt.
#6.  Plaintiff moves the Court for an order remanding this action to King County Superior
Court, arguing Defendant Safeway removed more than 30 days after being informed on March
8, 2021, that Plaintiff was seeking past medical damages of $15,964.69 and an "unknown"
amount of future damages "up to $250,000."  *Id*. at 1–2, *see also* Dkt. #8-2 (March 8, 2021
letter).

   This case was originally filed in state court on December 1, 2020.  Dkt. #1-2.  The
Complaint makes clear that the parties are diverse but does not set forth an amount of damages
being sought.  *Id*.  One day after receiving the March 8 letter, Safeway's counsel asked
Plaintiff's counsel to clarify the specific amount of damages being sought.  Dkt. #8, ("Kugler
Decl."), ¶ 7.  When Plaintiff did not immediately respond, Safeway's counsel repeated the

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND - 1

request, then requested a discovery conference. *Id.* Plaintiff's counsel finally responded via email at the end of the day on April 7, saying *inter alia*, "we are seeking $250,000 in general damages." Dkt. #8-3 at 1. Safeway removed this case on April 14, 2021. Dkt. #1.

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically, it is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

28 U.S.C. § 1446(b) states that the removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." One exception to this deadline is when no grounds for removal are evident in the initial pleading and an amended pleading, motion, order or other paper provides grounds for removal. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). This triggers a new 30-day deadline to remove.

The parties agree that the initial Complaint provided insufficient grounds for removal because it failed to establish the $75,000 amount in controversy requirement. On March 8, 2021, Plaintiff provided Safeway with a cryptic statement that she had $15,964.69 in known damages and an "unknown" amount of future damages "up to $250,000." Plaintiff argues that

this triggered the 30-day deadline, and moves to remand because removal occurred on April 14. The Court has reviewed this letter and agrees with Safeway that it alone did not provide sufficient information to remove, or to survive a motion for remand. Although the letter mentions the $250,000 number, it also states that general damages are "incalculable" and the Court agrees that the injury at issue in this case does not make clear that damages will be in excess of $75,000. Safeway diligently attempted to follow up on this number, receiving confirmation almost exactly 30 days after March 8 that Plaintiff was seeking damages in excess of $75,000. It appears that Plaintiff was playing a game to avoid removal. When Safeway was finally informed that damages being sought were in excess of $75,000 on April 7, it removed within the 30-day window.

Strictly construing the removal statute against removal jurisdiction, the Court nevertheless finds that Safeway has met its burden of establishing that removal was timely under the above standards. Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Remand, Dkt. #6, is DENIED.

DATED this 9th day of June, 2021.



RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE